# Guadalupe GUAJARDO, Jr., Plaintiff–Appellant,

v.

## Christina Melton CRAIN, Chairman–Texas Board of Criminal Justice; Doug Dretke, Director Correctional Institution Division; Bertha Corley, Supervisor, Ellis Unit Mail Room, Defendants–Appellees.

No. 04–50618.

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Dec. 17, 2004.

Guadalupe Guajardo, Jr., Texas Department of Criminal Justice Institutional Division Ellis Unit, Huntsville, TX, pro se.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Guadalupe Guajardo, Jr., Texas inmate # 170864, proceeding *pro se* and *in forma*

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

*pauperis,* filed a 42 U.S.C. § 1983 complaint challenging the constitutionality of correspondence rules adopted by the Texas Department of Criminal Justice with respect to prohibitions on inmate-to-inmate correspondence, decoration of envelopes, and "homemade" envelopes. The district court dismissed the complaint, pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.

Guajardo contends that he was not required to pursue administrative remedies because the Texas grievance system offers no avenue to make a statewide challenge to prison rules. He also argues that the district court should have required the defendants to answer his complaint and that the district court should have conducted an evidentiary hearing.

The exhaustion requirement is mandatory and applies to all inmate suits regardless of the forms of relief sought and offered through administrative remedies. *Days v. Johnson,* 322 F.3d 863, 866 (5th Cir.2003). The district court did not err in dismissing Guajardo's suit for failure to exhaust administrative remedies. *See id.*

The district court was not required to obtain a response from the defendants prior to dismissing Guajardo's complaint. *See Wendell v. Asher,* 162 F.3d 887, 889–90 (5th Cir.1998). Nor was the district court required to conduct an evidentiary hearing. *See Underwood v. Wilson,* 151 F.3d 292, 296 (5th Cir.1998). The judgment of the district court is AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be